CHARLES J. HYMAN, Also Known As CHARLES J. HARMON, Appellant, v. JANE LAZARUS, Respondent.

No. 4566

March 25, 1963

379 P.2d 891

[Rehearing denied April 11, 1963]

*Woodburn, Forman, Wedge, Blakey and Folsom,* and *Roger W. Jeppson,* of Reno, for Appellant.

*Nada Novakovich,* of Reno, for Respondent.

**OPINION**

By the Court, McNAMEE, J.:

The parties hereto intermarried in November, 1935. In June, 1943, while the parties were residing in New York, they entered into a property settlement agreement

which settled their property rights and the custody and support of their two minor daughters. In August, 1943, the marriage was dissolved in this state by a decree of divorce wherein the property settlement agreement was approved but not merged in the decree.

Paragraph Sixth (d) of the agreement provides:

"Although there are included in the amount to be paid to the Wife for her maintenance and support and that of her children, as hereinafter provided, sums to be expended for ordinary medical care, the Husband agrees, until the remarriage of the Wife and during the minority of each of the children, to be responsible for extraordinary expenses incurred for doctors, hospitalization and orthodenture for each of said children. Extraordinary expenses for doctors and hospitalization shall be deemed to be sums spent in excess of Three hundred and sixty dollars ($360) per annum for such services to the Wife and the children."

Paragraph Seventh (1) (c) provides:

"In the event of the remarriage of the Wife during the life of the Husband, then no amount shall be payable to the Wife for her own use, but there shall be paid to her the sum of Twenty Five hundred dollars ($2,500) per annum for each child during the minority of such child or until the decease of the said child prior to that time, whichever event shall occur first, to be used by the Wife for the education, maintenance and support of such child, but with no additional payments whatsoever; * * *."

Respondent remarried one Lazarus in 1947. The action herein is, in part, for recovery of alleged extraordinary medical expenses for the minor children incurred since said remarriage.

It is respondent's contention that under the terms of said paragraphs of the agreement, despite her remarriage, she was entitled to reimbursement for extraordinary medical expenses for the minor children during their minority. Appellant contends, on the other hand, that upon respondent's remarriage he was required to pay only $2,500 per annum for each child, "but with no additional payments whatsoever." The lower court decided in favor of respondent and allowed her (in

addition to another sum for accrued child support of which there is no complaint on appeal) the full amount of the extraordinary expenses claimed, to wit, $3,994.49.

We are concerned here only with the allowance of said sum of $3,994.49, which is one of the two errors assigned on appeal.

We construe the liability of the husband for "extraordinary expenses incurred for doctors, hospitalization and orthodenture for each of said children" to be conditioned on the wife's remaining single during the minority of each of the children. He agreed to be responsible for such expenses "until the remarriage of the Wife and during the minority of each of the children." Before they are payable, two things must exist, namely, the unmarried status of the wife and the minority status of the children. That this was the intention of the parties becomes clear from the seventh paragraph of the agreement which recites: "In the event of the remarriage of the Wife * * * there shall be paid to her the sum of Twenty Five hundred dollars ($2,500) per annum for each child * * * but with no additional payments whatsoever."

Inasmuch as this is a suit on a contract to reimburse the wife for money expended by her during the minority of the children who have reached their majority, we are not required to consider matters of public policy in construing the terms of the agreement.

The other assignment of error pertains to an item included in the $3,994.49 allowance. Because the entire allowance must be rejected for the reasons heretofore given, it is unnecessary to consider further any of the items contained therein.

The judgment is modified by striking therefrom the allowance of $3,994.49 for extraordinary medical expenses. As so modified, the judgment is affirmed. No costs are allowed.

BADT, C. J., and ZENOFF, D. J., concur.

THOMPSON, J., being disqualified, the Governor commissioned Honorable David Zenoff, Judge of the Eighth Judicial District, to sit in his place.